IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TERRY BALDWIN,
    Petitioner,

vs.                               Case No. 5:13cv86/RS/CJK

UNITED STATES OF AMERICA,
    Respondent.

---

**ORDER and**
**REPORT AND RECOMMENDATION**

Before the Court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 1), and a motion to proceed *in forma pauperis* (doc. 2). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that petitioner has not demonstrated entitlement to proceed under § 2241, and that this action should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

Petitioner, a federal inmate confined at the Federal Correctional Institution in Marianna, Florida, is currently serving a sentence imposed by the United States District Court for the District of Nebraska ("Nebraska District Court") in *United States v. Baldwin*, Case Number 4:07cr3001. (Doc. 1, pp. 2). In Case No. 4:07cr3001, petitioner was convicted, pursuant to his guilty plea, of Production of

Child Pornography (Count I), Possession of Child Pornography (Count IV) and Criminal Forfeiture (Count V). (*See United States v. Baldwin*, Case Number 4:07cr3001, Judgment at Doc. 76). Petitioner was sentenced on June 30, 2008, to 300 months imprisonment, to run concurrent with the sentence imposed in a Nebraska state court criminal case. (*Id.*). Petitioner filed an appeal, but the United States Court of Appeals for the Eighth Circuit dismissed petitioner's appeal on December 11, 2009, concluding "that all of the issues raised in counsel's and Baldwin's briefs fall within the scope of the appeal waiver contained in Baldwin's plea agreement, that Baldwin knowingly and voluntarily entered into the plea agreement and the appeal waiver, and that enforcement of the waiver would not result in a miscarriage of justice." (Nebraska District Court Case No. 4:07cr3001, Docs. 123, 127). Petitioner collaterally attacked his judgment of conviction and sentence under 28 U.S.C. § 2255. (Doc. 1, p. 2; *see also* Nebraska District Court Case No. 4:10cv3033, and Nebraska District Court Case No.4:07cr3001, Doc. 128). On March 1, 2010, the Nebraska District Court denied petitioner's § 2255 motion with prejudice. (Doc. 1, p. 2; *see also* Nebraska District Court Case No. 4:07cr3001, Doc. 130). The Eighth Circuit denied a certificate of appealability on August 3, 2010. (Nebraska District Court Case No. 4:07cr3001, Doc. 141).

In this habeas action, petitioner challenges his 2008 judgment of conviction and sentence on the following grounds: (1) "Lack of Jurisdiction"; (2) "Lack of Subject-Matter-Jurisdiction"; (3) "Insufficient Jurisdictional Nexus"; and (4) "Lack of Jurisdictional Nexus". (Doc. 1, pp. 3-5). As relief, petitioner asks this Court to "vacate judgment and sentence and remand for acquittal". (*Id.*, p. 6).

## DISCUSSION

The <u>execution</u> or carrying out of an initially valid confinement is generally the sole issue in a § 2241 action, as attacks on the <u>validity</u> of a conviction or sentence must be asserted on direct appeal or under 28 U.S.C. § 2255. *See United States v. Hayman*, 342 U.S. 205, 72 S. Ct. 263, 96 L. Ed. 232 (1952); *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944 (11th Cir. 2005) ("Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255."); *Broussard v. Lippman*, 643 F.2d 1131 (5th Cir. Unit A Apr. 27, 1981)[1] ("Attacks on the underlying validity of a conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241(c)."). Direct review of a federal conviction and sentence may be sought by filing a notice of appeal in the underlying criminal case. A collateral attack on the validity of a federal conviction or sentence is brought by filing a motion under 28 U.S.C. § 2255 in the court which imposed the sentence. *Darby*, 405 F.3d at 944. A federal prisoner may file a § 2255 motion "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Once a petitioner has filed his initial § 2255 motion, he is barred from making a second or successive motion except in two carefully delineated circumstances, neither of which applies here. *See* 28 U.S.C. § 2255(h) (requiring the court of appeals to certify the existence of either newly discovered evidence or a new rule of

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

*Case No: 5:13cv86/RS/CJK*

retroactively applicable constitutional law before a petitioner can file a second or successive § 2255 petition). In addition, pursuant to § 2255(e), the so-called "savings clause," a prisoner may file a § 2241 petition if the § 2255 remedy "is inadequate or ineffective to test the legality of his detention." Section 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained it if appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). "The burden of demonstrating the inadequacy or ineffectiveness of the § 2255 remedy rests squarely on the petitioner." *Turner v. Warden Coleman FCI (Medium)*, — F.3d —, 2013 WL 646089, at *3 (11th Cir. Feb. 22, 2013) (*citing McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 2979)). Although the Eleventh Circuit has not fully defined the scope of the § 2255(e) savings clause, that court has held that a § 2241 habeas petition may not be used to avoid the restrictions on second or successive § 2255 motions when a prisoner failed to raise the claim at an earlier stage. *Wofford v. Scott*, 177 F.3d 1236, 1245 (11th Cir. 1999); *Darby*, 405 F.3d at 945 ("A petitioner who has filed and been denied a previous § 2255 motion may not circumvent the successive motion restrictions simply by filing a petition under § 2241.")

Here, petitioner filed an unsuccessful § 2255 motion prior to filing this § 2241 petition. Although captioned as a § 2241 petition, petitioner challenges the validity of his conviction and sentence, not the execution of his sentence. Petitioner's application is properly characterized as a § 2255 motion. *See Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351-52 (11th Cir. 2008) ("[A] prisoner may not avoid

[the] gatekeeping [provisions] under § 2244(b) or § 2255(h) by a mere change of caption when, in substance, their lawsuit collaterally attacks a [conviction or] sentence."). Petitioner attempts no explanation as to why the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. (Doc. 1, p. 3). The existence of procedural limitations in § 2255 is not a basis to find that the § 2255 remedy is "inadequate or ineffective" to test the legality of petitioner's detention for purposes of the savings clause. *Gilbert v. United States*, 640 F.3d 1293, 1308 (11th Cir. 2011) (en banc), *cert. denied*, — U.S. — , 132 S. Ct. 1001, 181 L. Ed.2 d 743 (2012). As petitioner has not demonstrated entitlement to pursue habeas corpus relief, he should not be permitted to bring his claims by § 2241.

Accordingly, it is ORDERED:

Petitioner's motion to proceed *in forma pauperis* (doc. 2) is GRANTED.

And it is respectfully RECOMMENDED:

1. That, construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, petitioner's motion (doc. 1) be DISMISSED WITHOUT PREJUDICE as an unauthorized second or successive § 2255 motion.

2. That, construed as a petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 1), the petition be DISMISSED WITH PREJUDICE, as petitioner has not demonstrated entitlement to proceed under that section.

3. That the Clerk be directed to close the file.

At Pensacola, Florida, this 28th day of March, 2013.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

*Case No: 5:13cv86/RS/CJK*

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).